JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Rickie Lee Luckenbill and
Susan Elaine Farnsworth-Luckenbill, h/w

**DEFENDANTS**
MTD Consumer Group Inc.

**(b)** County of Residence of First Listed Plaintiff   Berks County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Medina County, OH
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Patrick Hughes, Esq. / Kenneth T. Levine, Esq. - de Luca Levine LLC
Three Valley Square, Suite 220, Blue Bell, PA 19422
(215) 383-0081

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☒ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Subrogation action by carrier for damages caused by a defect in a lawn tractor mower.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  1/03/2020
SIGNATURE OF ATTORNEY OF RECORD  *Patrick A. Hughes*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 151 Camp Strauss Road, Bethel, PA 19507 _____

Address of Defendant: _____ 5965 Grafton Road, Valley City, OH 44280 _____

Place of Accident, Incident or Transaction: _____ 151 Camp Strauss Road, Bethel, PA 19507 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/03/2020 _____ *(Must sign here)* _Patrick A. Hughes_ _____ 91415 _____
*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☒ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Patrick A. Hughes _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 01/03/2020 _____ *Sign here if applicable* _Patrick A. Hughes_ _____ 91415 _____
*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Rickie Lee Luckenbill and | : | |
| Susan Elaine Farnsworth-Luckenbill, h/w | : | CIVIL ACTION |
| v. | : | |
| MTD Consumer Group, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.               ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        ( X )

| | | |
|---|---|---|
| January 3, 2020 | Patrick A. Hughes | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-383-00227 | 215-383-0082 | Phughes@delucalevine.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICKIE LEE LUCKENBILL and SUSAN ELAINE FARNSWORTH-LUCKENBILL, h/w,**<br>                              **Plaintiffs**<br><br>**v.**<br><br>**MTD CONSUMER GROUP INC.**<br>                      **Defendant** | **Civil Action No.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs, Rickie Lee Luckenbill and Susan Elaine Farnsworth-Luckenbill, h/w, by and through their undersigned counsel, brings this Complaint against Defendant, MTD Consumer Group Inc., and, in support thereof, avers as follows:

## PARTIES

1.      Rickie Lee Luckenbill and Susan Elaine Farnsworth-Luckenbill, h/w (hereinafter "the Luckenbills" or "Plaintiffs") were and are, at all times relevant hereto, adult individuals/citizens who were the owners and occupants of the residential property located at 151 Camp Strauss Road in Bethel, Berks County, Pennsylvania (hereinafter "the subject property").

2.      At all times relevant hereto, Defendant, MTD Consumer Group Inc. (hereinafter "MTD" or "Defendant") was and is, upon information and belief, an Ohio corporation with a principal place of business located at 5965 Grafton Road, Valley City, Ohio 44280, and was authorized to do business within the Commonwealth of Pennsylvania.

3.     Upon information and belief, and at all times relevant hereto, MTD was/is in the business of, *inter alia*, designing, manufacturing, testing, marketing, selling, and/or distributing various models of lawn tractors, such as the Cub Cadet LTX 1042 lawn tractor that is at issue in this case.

## JURISDICTION AND VENUE

4.     Jurisdiction is based on 28 U.S.C §1332(a)(1) as this action involves a controversy between citizens of different states.   Plaintiffs are citizens of the Commonwealth of Pennsylvania and Defendant is a company incorporated in the State of Ohio.  Moreover, the amount in controversy, approximately $500,000.00, which exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

5.     Venue is proper in this district based on 28 U.S.C §1391(a) because the events giving rise to this claim occurred within this district, specifically in Berks County, Pennsylvania.

## FACTUAL BACKGROUND

6.     Plaintiffs incorporate by reference the preceding paragraphs as though set forth at length herein.

7.     On or before April 13, 2018, the Luckenbills bought or otherwise came into the possession of a Cub Cadet LTX1042 lawn tractor mower (hereinafter "the subject lawn tractor product").

8.     On or about April 13, 2018, shortly after using the subject lawn tractor product, it became engulfed in fire, from which the Luckenbills sustained damage to their real and personal property, as well as the imposition of additional expenses and hardship

besides (including loss of use of the subject property, and the interference with the enjoyment of such property).

9.    Investigation has revealed that a malfunction that emanated from the subject lawn tractor product on the above date and at the subject property was the cause of the fire that resulted in the damages that the Luckenbills suffered.

10.    The aforementioned damages set forth above were directly and proximately caused by Defendant as is more fully described below.

## COUNT I – NEGLIGENCE

11.    Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

12.    MTD owed a duty of reasonable care to Plaintiffs with regard to the manufacture, assembly, design, inspection, testing, marketing and distribution, *inter alia*, of its lawnmower products.

13.    The damages suffered by Plaintiffs as described above were the direct and proximate result of negligence, carelessness, and/or other liability producing conduct of MTD, by and through its employees, agents, technicians, suppliers and/or servants, more specifically described as follows:

    a.    failing to exercise reasonable care in the following manner:

        i.    failing to manufacture, assemble, design, inspect, test, distribute and/or market a properly functioning lawn tractor product;

        ii.    failing to properly inspect, assemble, manufacture, distribute and/or test the subject lawn tractor product;

        iii.    failing to properly determine that the subject lawn tractor product was not in compliance with applicable standards; and/or

iv.   failing to recall the subject lawn tractor product, for which it was aware that product of similar design and manufacture have experienced similar failures and losses.

14.    As a direct and proximate result of MTD's above-described negligence, carelessness, and/or other liability producing conduct, Plaintiffs sustained and incurred damages in an amount in excess of $75,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against MTD for damages in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – STRICT LIABILITY

15.    Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

16.    MTD is engaged, and at all times relevant hereto was engaged, in the business of designing, assembling, manufacturing, distributing, *inter alia*, lawn tractors, and, specifically the subject lawn tractor product at issue in this case.

17.    MTD designed, assembled, manufactured and/or distributed the subject lawn tractor product in a defective condition, unreasonably dangerous to Plaintiffs and their property.

18.    MTD knew or should have known that the subject lawn tractor product would, and did, reach the Plaintiffs without substantial change in the condition in which originally selected and sold.

19.    The aforementioned defects consisted of:

    a.    design defects;

    b.    manufacturing defects;

    c.    component defects;

    d.    use-instructions and/or warnings defects; and/or

    e.    a failure to warn of the design, assembly, manufacturing, and/or component defects, and/or properly provided warning and/or safe use instructions.

20.    For these reasons, MTD is strictly liable to Plaintiffs under Section 402A of the Restatement (Second) of Torts, and/or the applicable case law of the Commonwealth of Pennsylvania.

21.    As a result of the damages directly and proximately caused by the unreasonably dangerous defects in MTD's product, Plaintiffs sustained and incurred damages as described herein in an amount in excess of $75,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against MTD for damages in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT III – BREACH OF WARRANTIES

22.    Plaintiffs incorporate by reference the preceding paragraphs as though set forth at length herein.

23.    At the time of selling the subject lawn tractor product, Defendant had reason to know of the particular purpose for which it would be used, and knew that its skill and judgment was being relied upon to furnish a suitable product.

24.    Thus, given the foregoing, Defendant breached implied warranties of fitness for a particular purpose as set out in the Uniform Commercial Code (hereinafter "UCC") and in 13 Pa. C.S.A. § 2-315 in that the subject lawn tractor product was not fit for the particular use for which intended.

25.    In addition, Defendant breached implied warranties of merchantability as set out in the UCC and 13 Pa. C.S.A. § 2-314 (c) in that the subject lawn tractor product was not fit for the use for which intended.

26.    Defendant also breached any and all express warranties made or relating to the subject lawn tractor product that became part of the basis of the bargain for sale of the product in violation of the UCC and 13 Pa. C.S.A. § 2-313.

27.    Furthermore, Defendant breached the express and implied terms set out in the warranties enjoyed by Plaintiffs at the time of coming to own the subject lawn tractor product, and/or any time subsequent thereto.

28.    Plaintiffs' damages, as described above, occurred as a direct and proximate result of the Defendant's breaches of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A. § 2-315 and § 2-314 (c), and as a result of its breaches of expressed warrantees in violation of 13 Pa. C.S.A. § 2-313, as well as the express and implied warranties set out in the warranties Plaintiffs enjoyed upon coming to own the subject lawn tractor product, and/or any time subsequent thereto.

**WHEREFORE**, Plaintiffs respectfully request judgment against MTD for damages in an amount in excess of $75,000.00, plus costs incident to this suit, delay

damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

Respectfully submitted,

de LUCA LEVINE LLC

Dated:   January 3, 2020   BY:

PATRICK HUGHES (PA ID No. 91415)
E-Mail:  phughes@delucalevine.com
KENNETH T. LEVINE (PA ID No. 60984)
E-Mail:  klevine@delucalevine.com
Three Valley Square, Suite 220
Blue Bell, PA  19422
Telephone:  (215) 383-0081
Fax:  (215) 383-0082

*Attorneys for Plaintiffs*
*Rickie Lee Luckenbill and Susan Elaine*
*Farnsworth-Luckenbill, h/w*